**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4373

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MYRON PELECH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:14-cr-00078-FL-1)

Submitted:  March 30, 2017                                           Decided:  April 3, 2017

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myron Pelech appeals his conviction and sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012). Pelech pled guilty pursuant to a written plea agreement and was sentenced to a below-Guidelines sentence of 120 months in prison, 20 years of supervised release, a $5000 fine, and $500 in restitution. On appeal, appellate counsel for Pelech filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the district court's enhancement of Pelech's sentence based on his use of a computer in the commission of the offense. Pelech filed a pro se supplemental brief alleging that the district court lacked jurisdiction, the government engaged in prosecutorial misconduct, and trial counsel rendered ineffective assistance. The government filed a motion to dismiss the appeal as barred by the appellate waiver contained in Pelech's plea agreement. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Pelech knowingly and voluntarily waived his right to appeal

2

his conviction and sentence, with certain specified exceptions. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Pelech's plea agreement does not waive ineffective assistance of counsel or prosecutorial misconduct claims unknown to Pelech at the time of his guilty plea, nor does it waive challenges to a sentence exceeding the Sentencing Guidelines range established by the district court.

The sentencing claim raised by counsel on appeal clearly falls within the scope of the broad appellate waiver, which the government seeks to enforce. In accordance with *Anders*, we have reviewed the record in this case, as well as Pelech's pro se supplemental brief, and have found no meritorious issues for appeal outside the scope of the waiver.[*]

---

[*] To the extent Pelech claims that trial counsel provided ineffective assistance, we conclude the ineffective assistance of counsel does not conclusively appear on the record. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be pursued, if at all, in a motion (Continued)

We therefore grant the government's motion and dismiss the appeal in part and affirm the judgment in part. This court requires that counsel inform Pelech, in writing, of the right to petition the Supreme Court of the United States for further review. If Pelech requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pelech. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

brought pursuant to 28 U.S.C. § 2255 (2012) in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).